## CHANEY ET AL. *v.* HADDON TOWNSHIP OF SULLIVAN COUNTY.

[No. 23,139. Filed December 18, 1917.]

NEWSPAPERS.—*Publication of Official Notices.—Compensation.—Statute.*—In an action by the owners of a Republican newspaper to recover for services alleged to have been rendered to defendant township in publishing certain official notices in accordance with §1347 Burns 1914, Acts 1913 p. 154, providing that where township trustees are required by law to publish notices and reports, such notices shall be published in two newspapers published in the county representing two political parties casting votes in the county at the last preceding general election, one of which notices shall be published in a newspaper representing the party casting the highest number of votes at such election, if there is such a newspaper published in the county, and in case there are not published in the county newspapers representing two of such parties, then one of such notices or reports shall be published in an independent newspaper, where it appears from the finding of facts that plaintiffs, publishers of the only Republican newspaper in the county, voluntarily published the notices in controversy, that the trustee of defendant township directed their publication in a Democratic newspaper and also in "The Carlisle News" representing neither the Republican nor Democratic party, that at the election immediately preceding the rendition of the services in question votes were cast in defendant township by each of the

Democrats, Republicans, Progressive, Socialist, and Prohibition parties, and that the Democratic party cast the highest number of votes and the Republican party the next highest number, such finding, being silent as to whether other political newspapers were published in the county and not indicating whether "The Carlisle News" represented one of the parties casting votes at the preceding election, fails to show that facts were established making necessary a determination of the question that the statute made it mandatory for the township trustee to publish the notices in question in plaintiff's newspaper.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by Dirrelle Chaney and others against Haddon Township of Sullivan County. From a judgment for defendant, the plaintiffs appeal. *Affirmed.*

*J. W. Lindley,* for appellant.

*Charles D. Hunt and Gilbert W. Gambill,* for appellee.

SPENCER, C. J.—This is an action to recover for services alleged to have been rendered by appellants to appellee in accordance with the provisions of §1347 Burns 1914, Acts 1913 p. 154, which provides "that in all cases wherein the auditors and treasurers and township trustees of the several counties of this state are required by law to publish notices and reports affecting county and township affairs in a public newspaper, said auditors and treasurers and township trustees are hereby required to publish said notices as by the several statutes required in two newspapers published in their respective counties, representing two political parties casting votes in such counties respectively at the last preceding general election, one of which notices or reports shall be published in a newspaper representing the party casting the highest number of votes at said election, if there be such newspapers published in said county; and in case there are not published in said county newspapers representing two political parties casting votes at the last preceding general election, then in that case

one of such notices or reports shall be published in an independent newspaper."

It appears from the facts found specially by the trial court that in the years 1913 and 1914, appellants, as the owners of "The Sullivan Union," the only Republican newspaper published in Sullivan county, printed in said newspaper certain notices, estimates and reports required to be published by the trustee of Haddon township in said county; that such printing was not done pursuant to a contract with or at the request of the township trustee or other public officer, but was done wholly on the initiative of appellants, who obtained such notices, estimates and reports from the office of the auditor of Sullivan county after the same had been duly filed by the township trustee; that copies of such notices, estimates and reports were duly published, under the direction of the trustee, in "The Sullivan Democrat" and "The Carlisle News," two other newspapers published in Sullivan county, of which the former was a Democratic newspaper while the latter did not represent either the Republican or the Democratic political party and was not known as an organ of either of said parties; that at the general election immediately preceding the rendition of the services in question, votes were cast in said township and county by each of the Democratic, Republican, Progressive, Socialist and Prohibition parties; that the Democratic party cast the highest number of votes and the Republican party cast the next highest number. Other facts found have no material bearing on our conclusions or on the issues here presented.

It is the contention of appellants: (1) That the statute in question makes it mandatory on a township trustee to publish all notices, estimates and reports in two political newspapers, if such there are, before publication can be made in an independent or nonpartisan

Chaney *v.* Haddon Tp.—186 Ind. 686.

paper; (2) that "The Sullivan Democrat" and "The Sullivan Union" were the only two political newspapers published in Sullivan county, and (3) that, under the statute and the facts above stated, the trustee of Haddon township was required to print all notices, estimates and reports in appellants' paper.

It is to be noted, however, that the finding of facts is silent as to whether other political newspapers were published in Sullivan county and that it does not indicate whether "The Carlisle News" was independent and nonpartisan in its political policy. It is true that "The Carlisle News" was neither Democratic nor Republican but other political parties cast votes in Sullivan county at the last preceding general election and, so far as appears from the findings of fact, "The Carlisle News" may have represented one of such parties. If we assume therefore, without deciding, that appellants' interpretation of the statute is well founded in law, it is still apparent that they have failed to establish the existence of facts necessary to its application in this case. Furthermore, if the law made it the duty of the township trustee to publish notices in appellants' paper, they were entitled to an award of the printing contract before rendering their services. *Cheney* v. *State, ex rel.* (1905), 165 Ind. 121, 74 N. E. 892.

Our conclusions render it unnecessary to determine the question suggested as to the constitutionality of the statute under consideration. Judgment affirmed.

Note.—Reported in 118 N. E. 128. See 29 Cyc 701.